FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

99 MAY 28 AM 9: 10

U.S. DISTRICT COURT
N.D. OF ALABAMA

MARGARET COLEMAN, )
)
   Plaintiff. )
)
vs. )
) CV-99-BU-1352-E
PROGRESSIVE SPECIALTY )
INSURANCE COMPANY, and KEITH )
SKATES, )
)
   Defendants. )

ENTERED
MAY 28 1999

## MEMORANDUM OPINION

    This Court, having considered Defendants' Notice of Removal, finds that this case is due to be remanded to the Circuit Court of Talladega County, Alabama.

    Plaintiff Margaret Coleman filed this case against Progressive Specialty Insurance Company and Keith Skates, contending that Progressive had failed to compensate her for injuries suffered in a car accident in accordance with her insurance policy and that Progressive and/or Skates, as agent of Progressive, misrepresented and or suppressed material facts regarding her coverage under the insurance policy. Defendants removed this case from the Talladega County Circuit Court, alleging that the joinder of Skates, an Alabama resident, was fraudulent. This Court, after a review of the record, finds that the individual defendant, Skates, is not fraudulently joined in this action; therefore this Court

1

is without subject-matter jurisdiction and the case is due to be remanded to the Circuit Court of Talladega County.

Federal courts are courts of limited jurisdiction. Therefore, this Court may hear only cases that the Constitution or Congress has authorized. A federal court has jurisdiction over cases involving parties from different states when the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The defendant, in such a case, may remove an action from state court to federal court if the case originally could have been brought in federal court. 28 U.S.C. § 1441(a).

A defendant seeking to remove a case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not *absolutely* clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))(emphasis added). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, ___ U.S. ___, 117 S. Ct. 1349, 137 L. Ed. 2d 506 (1997)). Moreover, all facts alleged in the Complaint are construed in favor of Plaintiff and all "uncertainties" regarding the substantive state law are resolved in favor of Plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

2

Defendants removed this case on the ground that Defendant Skates, an Alabama resident, was fraudulently joined in this action. Ms. Coleman is a resident of Alabama. Her Complaint contains allegations of misrepresentation and suppression against Progressive, a non-resident corporation, and Skates, a resident of Alabama. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). If Coleman fraudulently joined Skates; this Court has jurisdiction over this action. If Coleman did not fraudulently join Skates in this action, this Court is without jurisdiction and this matter must be remanded to the Talladega County Circuit Court.

Joinder is "fraudulent" for purposes of determining if removal was proper in three ways:

      1.    "[T]here is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs*, 154 F.3d at 1287 (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded, on other grounds, by statute, as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

      2.    "[T]here is outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* (citing *Coker*, 709 F.2d at 1440).

      3.    "[A] diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).

Progressive asserts the first type of fraudulent joinder. It contends that there is no "valid claim" against Skates because, "plaintiff's attorney was provided a copy of the Progressive policy which disclosed available [uninsured motorist] coverage.

3

The *Triggs* Court held:

> "If there is a *possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.

*Id.* (quoting *Coker*, 709 F.2d at 1440-41)(emphasis added). Thus, in order for this Court to find that the joinder of the resident agent was fraudulent, this Court must find that the Alabama court would find that the complaint fails to state a valid claim against Skates.

In Alabama, in determining whether a complaint fails to state a claim, "[A] court construes the allegations of the complaint in a light most favorable to the plaintiff, with all doubts and allegations resolved in his favor." *Selma Foundry & Supply Company, Inc. v. Peoples Bank & Trust Co.*, 598 So.2d 844, 849 (Ala. 1992)(quoting *Morton v. Prescott*, 564 So.2d 913, 916 (Ala.1990)). Moreover, a complaint does not fail to state a claim "unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief under some cognizable theory of law." *Id.*

The Complaint alleges that Skates misrepresented the amount of Coleman's policy limit. The fact that Defendants deny the misrepresentation and allege that it is "undisputed" that Skates did not make any false statements regarding the policy does not prevent the Complaint from stating a viable claim, although it might foreshadow a difficult road to recovery. Because the Complaint states a claim against Skates, an Alabama resident, there is not complete diversity in this case. Thus, the Court does not have jurisdiction and the cause is due to be remanded.

4

## CONCLUSION

Based on the foregoing, this Court finds that Defendants have failed to show that Skates was fraudulently joined. Therefore, the case lacks complete diversity. This action will be REMANDED to the Circuit Court of Talladega County in a separate order entered contemporaneously herewith.

DONE this 27th day of May 1999.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE